UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

IRENE ELIZABETH M.,[1]

    Plaintiff,

  v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Case. No. 6:22-cv-01861-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Irene Elizabeth M. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying her applications for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). The Commissioner concedes error and has filed a Motion to Remand. ECF 17. For the reasons set forth below, the motion is granted and the Commissioner's decision is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of her last name.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

Plaintiff protectively filed applications for DIB and SSI benefits on May 7, 2019, alleging a disability onset date of August 1, 2018. Tr. 15, 206, 217. The Commissioner denied plaintiff's claim on September 5, 2019, and again upon reconsideration on May 13, 2020. Tr. 102, 108, 110. Plaintiff filed a written request for a hearing on July 2, 2020, and a hearing was held before Administrative Law Judge ("ALJ") Katherine Weatherly on August 13, 2021. Tr. 31–51. The ALJ issued a decision, finding plaintiff not disabled within the meaning of the Act. Tr. 15–24. The Appeals Council denied plaintiff's request for review on September 26, 2022. Tr. 1–6. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533

2 – OPINION AND ORDER

F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); see also *Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 1, 2018. Tr. 17. At step two, the ALJ determined plaintiff suffered from the following severe impairments: migraine headaches and left knee degenerative joint disease. *Id*.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 20. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined she could perform light work as defined in 20 C.F.C. § 404.1567(b) and 416.967(b), except she can occasionally climb ramps, stairs, ladders, ropes and scaffolds, and she can occasionally balance, stoop, kneel, crouch and crawl. *Id*.

At step four, the ALJ found plaintiff can perform past relevant work:

> [A]s a cleaner, housekeeper . . . and short order cook . . . This work does not require the performance of work-related activities precluded by the [plaintiff]'s residual function capacity.

Tr. 23 (internal citations omitted).

3 – OPINION AND ORDER

At step five, the ALJ found that considering plaintiff's work experience and RFC, she could perform her past relevant work as a cleaner, housekeeper, and short order cook. Tr. 23. Thus, the ALJ concluded plaintiff was not disabled at any time from August 1, 2018, through the date of the ALJ's decision on August 27, 2021. *Id*.

## DISCUSSION

Plaintiff argues that the ALJ (1) failed to give clear and convincing reasons to reject her subjective symptom testimony, and (2) erroneously omitted specific functional limitations from the RFC. Pl.'s Br. 3, ECF 11. The Commissioner concedes these errors, but contends that the appropriate remedy is to remand the matter for additional proceedings because the record has not been fully developed, further proceedings would serve a useful purpose to resolve ambiguity in the record, and there is serious doubt as to plaintiff's entitlement to benefits. *See* Def.'s Br. and Mot. Remand ("Def.'s Br.") 2-7, ECF 17.

When the court determines the Commissioner erred in making a decision to deny benefits, the court has discretion to remand for further proceedings or the immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) ("The decision to remand to the SSA for further proceedings instead of for an immediate award of benefits is reviewed for abuse of discretion."). The court may remand for the immediate award of benefits if certain prerequisites are met. *Dominguez v. Colvin*, 808 F.3d 403, 407–08 (9th Cir. 2015), *as amended* (Feb. 5, 2016). The court "must . . . review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (simplified) (citation omitted). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)

4 – OPINION AND ORDER

If the court determines the record "has been fully developed . . . and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (simplified) (quoting *Garrison,* 759 F.3d at 1020). Even if these requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. The court will "generally remand for an award of benefits only in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (simplified).

The Commissioner concedes the ALJ erred in failing to resolve a discrepancy between Dr. Ronald Crow's opinion and the RFC limitations. *See* Def.'s Br. 3, ECF 17. State agency consultant Dr. Crow opined that plaintiff was capable of standing and walking for a total of six hours in an eight-hour workday, sitting for a total of six hours in an eight-hour workday, and lifting up to twenty pounds occasionally. Tr. 93–94. The ALJ found Dr. Crow's opinion "persuasive"; however, the RFC limited plaintiff to light work, as defined in 20 C.F.R § 404.1567(b), without any specific limitation on plaintiff's ability to stand or walk. Tr. 20. In other words, the RFC failed to include the limitations from Dr. Crow's opinion regarding standing and walking for a maximum of six hours in an eight-hour workday. Tr. 94. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7. Further proceedings would be useful in resolving this inconsistency in the ALJ's decision.

The Commissioner also concedes the ALJ failed to provide legally sufficient reasons

5 – OPINION AND ORDER

for rejecting plaintiff's subjective complaints based on a gap in treatment from November 2019 through July 2021. When the ALJ asked plaintiff about this gap at the hearing, plaintiff responded it was "[b]ecause of the money situation." Tr. 38. Plaintiff proceeded to describe the treatment she received from a hand specialist, and the ALJ did not inquire about the "money situation" any further. *Id.* "Disability benefits may not be denied because of the claimant's failure to obtain treatment [the claimant] cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). The Commissioner concedes the ALJ did not develop plaintiff's testimony enough regarding the reasons behind the gap in treatment history and argues that "further development of the record and testimony is necessary." Def.'s Br. 3, ECF 17. Indeed, further proceedings would be useful to resolve the ambiguity regarding the reason for the gap in treatment.

Plaintiff argues this matter should be remanded for the immediate payment of benefits "at least from the point at which she reached advanced age," pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06. Pl.'s Br. 11, ECF 11. "Grid rule 202.06 states that a person of 'advanced age' who has a high school education and skilled or semi-skilled work experience but no transferable skills is disabled." *Barnes v. Berryhill*, 895 F.3d 702, 706-07 (9th Cir. 2018).

The vocational expert testified that there were no transferable skills from plaintiff's prior short-order cook job to another job, but did not address whether there were any transferable skills from her prior housekeeping job. Tr. 49. And the ALJ made no findings as to whether plaintiff had transferable skills. Given this ambiguity and the lack of findings by the ALJ, further proceedings would again be useful here. *See Walker-Earnest v. Comm'r of Soc. Sec. Admin.*, No. CV-16-00642-TUC-EJM, 2017 WL 4675523, at *7 (D. Ariz. Oct.

6 – OPINION AND ORDER

18, 2017) (finding remand for further proceedings was "appropriate" where the ALJ did not make findings regarding transferable skills, although the record contained some evidence that the plaintiff lacked transferable skills).

## ORDER

The Commissioner's Motion to Remand [17] is GRANTED, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings. Upon remand, the ALJ shall conduct further proceedings consistent with this opinion and order, including but not limited to further development of the record, offering plaintiff a new hearing, obtaining supplemental vocational evidence as necessary, reassessing plaintiff's residual functional capacity, and issuing a new decision on the issue of disability.

DATED December 12, 2023.

       /s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge